3

Alice H. Ware, - SBN CA SBN 102428
LAW OFFICE OF ALICE H. WARE
6930 Destiny Drive, Suite 700
Rocklin, CA 95677

Ph: 916-781-3355

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>ANNETTE LOUISE PETZNICK<br><br>Debtor's | Case No. 2011-48987<br>Hearing Date: January 30, 2012<br>Hearing Time: 10:00 a.m.<br>Courtroom 28 - Dept A<br>Honorable Michael McManus<br>Docket Control No.: AHW-01 |

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS

Alice H. Ware, of Law Office of Alice H. Ware, on behalf of Annette Louise Petznick, the Debtor herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtor's Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on December 16, 2011. Sheri Carello was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtor operates a business, Annette Petznick, Accounting & Bookkeeping Services. Said business is located at 3600 Pullman Dr. in Sacramento, CA 95827.

3. The Debtor's tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedules A and B (see Exhibit #1 - 2 attached hereto). The business assets in this case consist of Sacramento Credit Union Business Checking Acct #

9182(S41); Business Savings Acct: 9182 (S1); Annette Petznick Bookkeeping Service; and, Accounts Receivable. The Debtor has placed values on these assets in the aggregate total of $6,231.47.

4. As shown in Schedule D (See exhibit #1 attached hereto), the Debtor asserts that no Creditors hold any liens against the BUSINESS ASSETS.

5. As shown in Schedule C (see exhibit #1 attached hereto), the Debtor has claimed exemptions totaling $6,231.47 against the values of the BUSINESS ASSETS.

6. In summary

    a. Gross value of BUSINESS ASSETS ................................................$6,231.47

    b. Liens against the BUSINESS ASSETS......................................-$   .00

    c. Gross Equity ...................................................................................$6,231.47

    d. Exemptions claimed on the BUSINESS ASSETS................................-$6,231.47

    e. Net value of BUSINESS ASSETS to the estate...........................$   .00

7. The Debtor asserts that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtor.

8. The Debtor is aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtor's business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

9. However, the Debtor asserts that, based on the lack of any unexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtor, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtor moves this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtor's Business.

Respectfully submitted on December 20, 2011.

                                        /s/ *Alice H. Ware,*
                                        Alice H. Ware,
                                        Law Office of Alice H. Ware